**INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, INDUSTRIAL PRODUCTS DIVISION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 17109.**

United States Court of Appeals
Ninth Circuit.

Aug. 28, 1961.

---

13. We were told on oral argument that since the injunction SIU had settled with one employer having four ships.

John F. O'Hara and Anthony T. Oliver, Jr., Los Angeles, Cal., for petitioner and respondent.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Asso. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel and Russell Specter, attys., National Labor Relations Board Washington, D. C., and Daniel J. Harrington, Los Angeles, Cal., for respondent and petitioner.

Before BARNES and MERRILL, Circuit Judges, and CROCKER, District Judge.

CROCKER, District Judge.

This petition for review of a final order of the National Labor Relations Board and cross-petition for enforcement raise the question of whether or not a company employer can defend an unfair labor practice charge for failing to bargain collectively by asserting that the employee representative was not validly elected in that two employees, through company inadvertence, were not given an opportunity to vote during their working hours as were other employees, where the votes of these two employees could have affected the outcome of the election.

The NLRB held that the defense was without merit. We think that the NLRB did not abuse its discretionary power.

The facts are as follows: Two unions, the International Brotherhood of Electrical Workers (IBEW), and the International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW), sought to represent the same unit of employees. An election was planned between the contesting unions, and a third choice of no union. Pursuant to NLRB practice, the company submitted a list of employees eligible to vote to the NLRB representative. The company failed to include in this list two janitorial workers who worked an evening shift. It is stipulated that the oversight of the janitorial workers was through inadvertence and not through bad faith.

An election was held during the day shift when all but the janitorial workers had an opportunity to vote on company time. Since this election was declared a nullity for reasons not pertinent here a second election was held under similar circumstances. The two janitorial workers took time off from their daytime jobs to vote at both these elections thereby losing time and pay.

As a result of these elections the company was eliminated from the ballot, but a further vote was necessary for one union to obtain a majority. This election was also held during the day shift. Seventy-three of the approximately eighty eligible employees cast their ballots—thirty-seven for the UAW, thirty-six for the IBEW. Neither of the janitorial employees voted.

We are satisfied from the affidavits of the employees and the findings of the NLRB that both of these employees would have had to undergo considerable expense, inconvenience and possible loss of their daytime jobs in order to vote. At least one of these employees made some attempt to call and inquire about his voting rights. Other employees were allowed time off from their jobs and were put to no substantial inconvenience to vote.

Over appropriate objection of the company and the opposing union, the UAW

was certified by the NLRB as the exclusive representative of the bargaining unit. The company has since refused to bargain collectively, contending that the election was invalid.

The case comes here upon the company's petition to review the finding that it has committed an unfair labor practice in refusing to bargain. The NLRB has cross-petitioned to enforce its order to cease and desist from refusing to bargain.

Jurisdiction is conferred upon this court to review a final order of the NLRB in section 10(f) of the National Labor Relations Act (29 U.S.C.A. § 160) upon the petition of any party aggrieved by such an order. Having been found guilty of an unfair labor practice within the jurisdictional boundaries of the Ninth Circuit, the company is properly before this court.

As established by Congress, the NLRB is in a particularly good position to expedite the process of choosing representatives and thereby promoting collective agreements fairly reflective of the wishes of a majority of workers. Repeated appellate court litigation without allowing considerable discretion on the part of the NLRB thwarts this policy by nurturing continuing uncertainty and argument between the parties where decision—even occasionally erroneous decision—tends to disperse attention.[1] See N. L. R. B. v. A. J. Tower Co., 1946, 329 U.S. 324, 331, 332, 67 S.Ct. 324, 91 L.Ed. 322.

 Hence, although we may think that the NLRB might have been better advised to order a new election,[2] we do not believe there was an abuse of discretion in failing so to do. See N. L. R. B. v. A. J. Tower Co., supra, 329 U.S. 324, 330, 67 S.Ct. 324, and Foreman & Clarke, Inc. v. N. L. R. B., 9 Cir., 1954, 215 F.2d 396, certiorari denied 348 U.S. 887, 75 S.Ct. 207, 99 L.Ed. 697. Such discretion includes the determination of whether or not the opportunity afforded all eligible voters to exercise their rights was sufficiently "adequate" or "equal" as to reflect accurately the "majority" required by the statute.

An allowance of discretion comports with familiar rules of administrative law which leave matters within the peculiar expertise or experience of the administrative bodies to the administrators. In its brief, the NLRB notes that it conducted 5,660 elections in the year ending June 30, 1959. See 24th Annual Report, G.P.O.1960, p. 171. Surely it would be vain for this court to hold that we are better equipt than the NLRB to determine whether the opportunity given employees to vote was "adequate" unless clear error was shown.

Each side has cited decisions of the NLRB in upholding or declaring invalid elections held under various conditions. Without discussing the facts of these cases, we think they were within the discretion which is the root of our decision herein.

For the foregoing reasons, the petition to review is denied and the cross-petition to enforce the order of October 3, 1960, is hereby granted.

1. The present action has now loitered more than two years since the filing of the original Petition for Certification of Representatives of the rival unions and about a year and a half since the time when the NLRB certified the election of the UAW as the representative of the unit.

2. Contrast the treatment of inadvertent errors as to eligible voters in Star Baking Company, 1957, 119 N.L.R.B. 835, and Louis Marx, Inc. of Pennsylvania, 1946, 70 N.L.R.B. 1242, with that in Bridgeport Moulded Products, Inc., 1956, 115 N.L.R.B. 1751, 1752.