**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**J. R. SIMPLOT COMPANY, Respondent.**

**No. 18243.**

United States Court of Appeals
Ninth Circuit.

Aug. 20, 1963.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Melvin H. Reifin and James C. Parras, Attys., National Labor Relations Board, Washington, D. C., for petitioner.

Petersen, Moss & Olsen, and Dennis M. Olsen, Idaho Falls, Idaho and L. E. Haight, Boise, Idaho, for respondent.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

NLRB here petitions for enforcement of an order issued against respondent August 17, 1962, as reported in 138 NLRB, No. 20, based upon its determination that respondent had violated § 8(a) (5) and (1) of the National Labor Relations Act, by refusing to bargain collectively with its employees' representative, The American Federation of Grain Millers, AFL–CIO, hereinafter called the "Union."

Respondent contends that the Union is without right to represent its employees, and justifies its refusal to deal with the Union upon this ground.

An election pursuant to § 9(c) (1) of the Act was held March 9, 1961, under Board direction. The Union lost the election and thereafter filed four objections with reference to which the Board in its order states:

> "In substance, the Grain Millers objected that prior to the conduct of the election, the Respondent interfered with its employees by (1) granting wage increases, (2) promising the employees that they would get anything that the Union got the employees at the other, unionized, plants of the company, (3) holding captive audience meetings on the day prior to the election, and (4) putting on 'a terrific antiunion campaign for several days just prior to the election, with promises of things that they would do for them if they voted "no union." ' For these reasons the Grain Millers asked that the election be set aside."

An investigation by the Regional Director followed, and a report was filed by him recommending that the election be set aside.

Exceptions to this report were filed by respondent. The Board, without ordering a hearing on respondent's excep-

tions, on August 16, 1961, adopted the recommendations of the Regional Director and set the election aside.

In a second election, held October 19, 1961, the Union won a majority of the votes cast and was certified as bargaining representative. Thereafter it requested respondent to meet with it and negotiate an agreement. Respondent declined and has since refused to recognize the Union.

Unfair labor practice charges were thereupon filed against respondent, resulting in the order which the Board here seeks to enforce.

The position of respondent (both here and before the Board) is that the Board acted arbitrarily and capriciously in setting aside the first election without granting respondent a hearing on its exceptions to the report of the Regional Director. Accordingly, respondent contends, the second election was held in violation of § 9(c) (3) of the Act, which provides that:

> "No election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been held."

The principal question upon this review is whether failure of the Board to grant a hearing upon respondent's exceptions constituted abuse of discretion. The appropriate Regulation, 29 C.F.R. § 102.69(d) (Supp.1959) provides:

> "If exceptions are filed * * * to the report on * * * objections * * * and it appears to the Board that such exceptions do not raise substantial and material issues with respect to the conduct or results of the election, the Board may decide the matter forthwith upon the record * * *. If it appears to the Board that such exceptions raise substantial and material factual issues, the Board may direct the regional director or other agent of the Board to issue and cause to be served upon the parties a notice of hearing

on said exceptions before a hearing officer."

Upon this review, respondent's principal contention is that through its exceptions it raised substantial issues as to objection No. 1, relating to its having granted wage increases. We may assume, arguendo, that this is so. It does not suffice.

The recommendation of the Regional Director that the election be set aside was also based upon his findings relative to objections 2 and 4 which alone would justify a setting aside of the election. In part he found that promises of terms and conditions of employment equivalent to those in unionized plants without the cost of union membership were made by way of bulletins, correspondence and questionnaires.

The exceptions as to these objections stated:

"The company takes exception to the conclusions of the Regional Director to Objections 2, 3, and 4, for the reason that such conclusions are not based upon the facts surrounding the conduct of the election, and further that the conclusions of the Regional Director are inferential by their own admission, and the statements therein contain so much sham, irrelevant, and redundant matter that they should be disregarded in their entirety by the Board."

These exceptions do not directly meet or mention any of the facts found by the Regional Director and raise no factual issues whatsoever. They do not suggest what new facts a hearing would develop or what if any evidence would be produced. They simply question the ultimate interpretation placed by the Director upon certain conduct. A hearing apparently would not deal with matters of factual proof but would serve only to permit argument which could as well have been presented in the writing itself.

Under these circumstances it was not abuse of discretion for the Board to proceed without hearing.

Respondent contends that the Board action in setting aside the election without hearing deprived it of its right to due process. We disagree.

In N. L. R. B. v. O.K. Van Storage, Inc. (5 Cir. 1961) 297 F.2d 74, 76, the necessity for granting a hearing on objections to an election was under consideration. The court noted that the Act did not require such a hearing, and stated:

"The Board nonetheless makes it a practice to hold post-election hearings on objections to elections, but in keeping with the spirit of the Act does so only when it appears that the allegations relied on to overturn the election have a basis in law and that there is evidence to support them. The opportunity for protracted delay of certification of the results of representation elections which would exist in the absence of reasonable conditions to the allowance of a hearing on objections is apparent. An objecting party who fails to satisfy such conditions has no cause for complaint when and if his demand for a hearing is denied."

The same may be said with even greater force with respect to exceptions to a report on objections.

Respondent contends that the Board's action in setting aside the election and ordering a new one was not founded on substantial evidence.

In reviewing orders upholding elections or declaring them invalid the proper test is whether the Board's order constituted abuse of discretion. International Tel. & Tel. v. N. L. R. B. (9 Cir. 1961) 294 F.2d 393, 395. Upon the record before us it is clear that there was sufficient evidence before the Board to negative any charge of abuse.

It is decreed that the Board's order be enforced as prayed.