**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Arthur H. KENNY, dba S & K Chevrolet, Respondent.**

**No. 72–1826.**

United States Court of Appeals,
Ninth Circuit.

Nov. 29, 1973.

Rehearing Denied Jan. 24, 1974.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Lawrence Levien, Atty. N.L.R. B., Washington, D. C., Roy O. Hoffman, Director, Region 20, N.L.R.B., San Francisco, Cal., for petitioner.

Allen W. Teagle (argued), of Littler, Mendelson & Fastiff, San Francisco, Cal., for respondent.

Before MERRILL, KOELSCH and SNEED, Circuit Judges.

KOELSCH, Circuit Judge:

The National Labor Relations Board seeks enforcement of its order of March

22, 1972,[1] finding that Arthur H. Kenny d/b/a S & K Chevrolet ("the Company"), by refusing to recognize and bargain with the certified Union,[2] violated § 8(a)(5) and (1) of the National Labor Relations Act. We conclude that the order should be enforced.

Pursuant to a stipulation for certification upon consent election, a representation election was conducted among the employees constituting the unit of automobile salesmen at the Company's Vallejo, California, facility. The tally of ballots revealed four votes in favor of Union representation, four against, and one pro-Union ballot challenged on the ground of ineligibility of the voter. Because the single challenged ballot was sufficient to affect the outcome of the election, the Company submitted evidence to the Regional Director supporting exclusion of that ballot from the tally. In accordance with the Board's rules and regulations,[3] the Regional Director conducted an investigation and thereafter issued a report recommending that the challenged ballot be included in the tally. The Company filed exceptions to the report, but the Board, noting that the exceptions raised no substantial and material issues of fact, affirmed the Regional Director's recommendations without a hearing. The tally was thereafter revised to include the challenged ballot, and the Union was certified as duly elected representative of the affected employees.

When the Union thereafter requested that the Company meet with it for the purpose of collective bargaining, the Company refused to do so on the basis that it still contested the election. At the subsequent hearing on the Board's complaint alleging unfair labor practices, the trial examiner rejected the Company's offer of evidence as to the eligibility of the voter whose ballot had been challenged and declined to permit it to relitigate the merits of the certification; rather, the examiner found that the Company had engaged in unfair labor practices within the meaning of § 8(a)(5) and, derivatively, § 8(a)(1) of the Act. The Board affirmed the trial examiner's decision and entered the order for which it now seeks enforcement.

The Company's principal contention is that the Board erred in failing to direct a hearing on the exceptions to the Regional Director's report. We disagree.

A party excepting to a Regional Director's recommendations is not entitled to a hearing thereon unless ". . . such exceptions raise substantial and material factual issues . . . ." N.L.R.B. v. J. R. Simplot Company, 322 F.2d 170, 172 (9th Cir. 1963). The exceptions must state the specific findings that are controverted, and they must be accompanied by offers of proof in support of findings to the contrary. *Simplot, supra*; N.L.R.B. v. Tennessee Packers, Inc., 379 F.2d 172 (6th Cir. 1967), cert. denied 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967); *see* Sonoco Products Company v. N.L.R.B., 399 F.2d 835 (9th Cir. 1968); N.L.R.B. v. Medical Ancillary Services, Inc., 478 F.2d 96 (6th Cir. 1973).[4] As the court pointed out in *Tennessee Packers, supra*, 379 F.2d at 178:

"The exceptions must state the specific findings that are controverted and must show what evidence will be presented to support a contrary finding or conclusion. [Citations omitted.] Mere disagreement with the

---

1. The Board's decision and order may be found at 195 N.L.R.B. No. 177 (1973).

2. Teamsters, Chauffeurs, Warehousemen and Helpers Local No. 490, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

3. 29 C.F.R. § 102.69.

4. The Company cites our decisions in *Sonoco, supra*, N. L. R. B. v. Harrah's Club, 403 F.2d 865 (9th Cir. 1968), and N. L. R. B. v. W. R. Ames Co., 450 F.2d 1209 (9th Cir. 1971). True, in each of those cases we did remand for an evidentiary hearing; but as the opinions show in each of them, the employer had made an offer of proof raising a substantial and material issue of fact.

Regional Director's reasoning and conclusions do not raise 'substantial and material factual issues.' This is not to say that a party cannot except to the inferences and conclusions drawn by the Regional Director, but that such disagreement, in itself, cannot be the basis for demanding a hearing. To request a hearing a party must, in its exceptions, define its disagreements and make an offer of proof to support findings contrary to those of the Regional Director. The Board is entitled to rely on the report of the Regional Director in the absence of specific assertions of error, substantiated by offers of proof.

"The purpose behind the rule which requires a hearing only when 'substantial and material factual issues' are raised is to avoid lengthy and protracted proceedings, and eliminate unnecessary delays in certifying the results of an election. If a hearing is required to be held on all exceptions to an election or report of a Regional Director, it would unduly lengthen and prolong labor unrest, contrary to the very purposes of the National Labor Relations Act."

 Here, the Company totally omitted to bolster its exceptions with either evidence or offers of proof in support of a contrary result. Accordingly, the Board was entitled to rely on the report of the Regional Director. *Tennessee Packers* and *Medical Ancillary Services, supra.* Moreover, the Board's resolution of the challenge, based on that report, was well within its discretion under the applicable case law. Illinois State Journal Register, Inc. v. N.L.R.B., 412 F.2d 37, 40 (7th Cir. 1969); N.L.R.B. v. Hardy-Herpolsheimer Division of Allied Stores of Michigan, 453 F.2d 877, 878 (6th Cir. 1972).

 Since no newly discovered or previously unavailable evidence was offered in the unfair labor practices proceeding, the Company's request "to relitigate issues which were or could have been litigated in the representation proceeding" was properly denied. Sunshine Convalescent Hospital, Inc., 187 N.L.R.B. 688, 689 (1971), enforced, per curiam, 453 F.2d 748 (9th Cir. 1972); *see* Pittsburgh Plate Glass Company v. N.L.R.B., 313 U.S. 146, 61 S.Ct. 908, 85 L.Ed. 1251 (1941).

The Board's order will be enforced.