**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TRI–EX TOWER CORPORATION, Respondent.**

No. 77–4025.

United States Court of Appeals, Ninth Circuit.

Feb: 2, 1979.

Elliott Moore, Washington, D.C., for petitioner.

Kirshman & Rich, Marina Del Rey, Cal., for respondent.

Before SNEED and KENNEDY, Circuit Judges, and DAVID W. WILLIAMS,* District Judge.

DAVID W. WILLIAMS, District Judge.

This is an application for enforcement of an order of the National Labor Relations Board against Tri-Ex (Company) finding that the company violated Section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with the duly certified representative of its employees. The company entered several reasons at the hearing as the basis for its non-compliance, but on appeal urges only the question whether the Board acted within the limits of its authority when, after taking more than eight months to act on a request for review, it directed certification of an election which the company had won, but within two months thereafter, permitted the holding of a new election, which the union won.

The first election was held on July 22, 1975. The union objected to the results and for some unclear reason, the NLRB did not get around to certifying the results in favor of the company until June 10, 1976—more than 10 months later. On June 1, 1976, the union petitioned for another election in the same unit and an election was held on August 17th which the union won. The company filed timely objections to this election, but they were overruled by the Regional Director and this was upheld by the Board. Following the certification, the company refused to bargain with the union and an unfair labor practice charge was filed with the Board which was decided in favor of the union.

* Honorable David W. Williams, United States District Judge, Central District of California, sitting by designation.

2

Section 9(c)(3) of the Act (29 U.S.C. § 159(c)(3)) states in part:

(3) No election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-month period, a valid election shall have been [denied.]

Respondent argues that it is entitled to a full one year from the time the first election was certified before a new election may properly be held; that the intention of the Act is to provide employers with one year of "peace" from the date of the final determination of an election until it must face a new representation contest. The company further argues that, since it is required to maintain a "status quo" position in employee relations just prior to an upcoming election, it was unfairly prevented from, (a) implementing a planned profit sharing plan, and (b) discharging a pro-union employee whose conduct warranted such action.

It is true that an employer walks a tightrope in deciding whether to "court" its employees with new economic benefits during the period immediately preceding an upcoming representative election because there is a danger that such pampering will be considered an unfair labor practice, thus inviting new charges against the employer. In *NLRB v. Dorn's Transportation Co.*, 405 F.2d 706 (2nd Cir. 1969) the Court recognized the employer's dilemma in such situation by saying the Board's holding placed the employer in a "damned if you do, damned if you don't" position. *Id.* at 715. Certainly, here, the delay of the Board for a period of more than 10 months to certify the first election is an administrative blunder which should be remedied and which in the context of these facts placed the employer in a totally unfair position in its efforts to deal humanely with its employees, while still protecting itself from charges brought by an aggressive union. It is not always clear to the employer whether a wage increase would conform to the status quo or depart from it. *See Queen Mary Restaurants Corp. v. NLRB*, 560 F.2d 403, 408 (9th Cir. 1977). *See also J. J. Newberry*

*Co. v. NLRB*, 442 F.2d 897, 900 (2nd Cir. 1971). Tri-Ex's decision was made more difficult by the delay in the first certification process and the Board's tardiness makes harder our task of balancing the interests.

Because the Board by acting so slowly placed the employer in an unnecessarily difficult position, it is with reluctance that this Court enforces the Board's order.

■ Deference to the agency's expertise and discretion is appropriate in determining whether it acted correctly in this matter relating to representation proceedings. *NLRB v. Sauk Valley Manufacturing Co.*, 486 F.2d 1127, 1130 (9th Cir. 1973), *International Telephone and Telegraph Corp. v. NLRB*, 294 F.2d 393, 395 (9th Cir. 1961). The Board, in ordering a second election, was seeking to effectuate the policy of the Act that employees be represented by their chosen collective bargaining representative and was following its established interpretation of Section 9(c)(3). The respondent has therefore failed to meet the burden to warrant denial of enforcement here.

In *Mallinckrodt Chemical Works*, 84 NLRB 291 (1949), the Board stated, "We think that the proposed construction of Section 9(c)(3) (that the 12-month period runs from date of certification instead of the date of balloting) is unwarranted from the language of the Statute. The more reasonable construction of this provision is that a second ballot shall not be conducted within 12 months from the date of the earlier ballot with respect to the same unit of employees. Furthermore, there is nothing to the contrary in the legislative history of the Labor Management Relations Act of 1947." *See also Kolcast Industries, Inc.*, 117 NLRB 418 (1957); *R. L. Polk and Co.*, 123 NLRB 1171 (1959).

■ Since the August 17, 1976 election was held more than one year following the balloting in the June 22, 1975 election, the action of the Board in rejecting this objection was proper as it was not barred by Section 9(c)(3).

ENFORCED.