NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EAST VALLEY GLENDORA HOSPITAL, LLC, DBA Glendora Community Hospital, <br><br> Petitioner, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Respondent, <br><br> SEIU LOCAL 121RN, <br><br> Intervenor. | No.   19-70292 <br><br> NLRB No.   31-CA-229412 <br><br> MEMORANDUM* |
| NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner, <br><br> v. <br><br> EAST VALLEY GLENDORA HOSPITAL, LLC, d/b/a Glendora Community Hospital, <br><br> Respondent, <br> _____ | No.   19-70596 <br><br> NLRB No.   31-CA-229412 |

_____

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SEIU LOCAL 121RN,

        Intervenor.

On Petition for Review of an Order of the
National Labor Relations Board

Submitted March 30, 2020[**]
Pasadena, California

Before:  PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Following a representation election, SEIU 121RN ("the Union") was certified as the exclusive collective-bargaining representative of a unit of nurses employed by East Valley Glendora Hospital ("the Hospital").  After the election, the Hospital filed twenty-nine objections to the election and submitted an offer of proof supporting the allegations.  The Regional Director held that the objections failed to demonstrate a prima facie showing of objectionable conduct, denied an evidentiary hearing, and issued a representative certification.

The Hospital continued to refuse to recognize and bargain with the Union. In the ensuing unfair labor practice case, the National Labor Relations Board ("NLRB" or "the Board") issued an order granting summary judgment for the Union.  The Hospital petitions for review of the NLRB's order (No. 19-70292),

_____

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

and the NLRB cross-petitions for enforcement of its order (No. 19-70596). The Union intervened on behalf of the Board. We deny the Hospital's petition for review and grant the NLRB's cross-petition for enforcement in full.

## I.

The parties first dispute the scope of our review. We "lack[] jurisdiction to review objections that were not urged before the Board," *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 666 (1982), "unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances," 29 U.S.C. § 160(e).

The Hospital's Request for Review does not address eleven of the initial twenty-nine objections (objections 1, 3, 4, 7, 10, 12, 14, 17, 22, 23, and 28). Those objections allege unlawful conduct by the Union. The Request, however, discusses only conduct by alleged supervisors or non-employees. The Hospital now argues that the alleged supervisors had "implied" or "apparent authority" to act on the Union's behalf, *see* Op. Br. of Hospital 27, but it did not pursue that argument before the Board or submit a concomitant offer of proof. We thus lack jurisdiction to review these objections.

For similar reasons, we cannot review objections 24 and 25. The Hospital now argues that the supervisors' willingness to provide photographs and statements is unlawful even if the conduct cannot be attributed to the Union or was

3

conducted on behalf of the Union, but, as the Hospital concedes, this argument was never presented before the NLRB. *See* Reply Br. of Hospital 11 ("[T]he Hospital argued below that the supervisors' appearances in the propaganda were coercive: the only 'new' aspect is that the conduct need not be attributed to the Union."). The Request did not put the NLRB on notice of the separate claims. *See, e.g.*, *NLRB v. Seven-Up Bottling Co. of Miami, Inc.*, 344 U.S. 344, 350 (1953).

Finally, objections 20 and 21 are also not sufficiently preserved in the Request. They allege that the Union's organizing drive was initiated by statutory supervisors. Although much of the Request discusses other conduct by statutory supervisors, there is no mention of the organizing drive.

For these reasons, the only objections reviewable on appeal are the remaining fourteen: objections 2, 5, 6, 8, 9, 11, 13, 15, 16, 18, 19, 26, 27, and 29.

## II.

To obtain an evidentiary hearing on its objections, the objecting party must demonstrate that there is a "substantial material issue of fact relating to the validity of a representation election." *Pinetree Transp. Co. v. NLRB*, 686 F.2d 740, 744 (9th Cir. 1982). "Material" facts are those which, "if accepted as true, must warrant a conclusion in favor of that party on the issue of the validity of the election." *Id.* at 745. The offer of proof submitted with the objections must "summariz[e] each witness's testimony," 29 C.F.R. § 102.66(c), and "state the

4

specific findings that are controverted and [] show what evidence will be presented to support a contrary finding or conclusion. Mere disagreement with the Regional Director's reasoning and conclusions" is insufficient. *NLRB v. Kenny*, 488 F.2d 774, 775–76 (9th Cir. 1973) (internal quotation marks and citations omitted).

**A. Objections 2, 5, 6, 8, 9, 11, 13, 15, 16, 18, 19, and 29**

The Board did not abuse its discretion in affirming the Regional Director's denial of an evidentiary hearing on these objections. They allege either that (1) supervisors improperly attended meetings, solicited cards from employees, engaged in electioneering activities, distributed campaign materials, directed that employees support the union, or engaged in other pro-union activity (objections 2, 5, 8, 11, 15, 18, 29), or (2) employees "were advised and made aware" that supervisors supported the union or were otherwise engaged in pro-union activity (objections 6, 9, 13, 16, 19).

Even if fully credited, these objections do not establish with sufficient specificity that the alleged supervisors' conduct surpassed participation and amounted to coercion or interference, or "materially affected the outcome of the election." *Harborside Healthcare, Inc.*, 343 N.L.R.B. 906, 909 (2004).

The offer of proof also fails to raise a substantial and material issue of fact. The regulations do not explicitly require that "each witness's testimony [ ] be summarized separately from every other witness," Op. Br. of Hospital 14, but the

offer submitted by the Hospital states only that the witnesses will testify about "the facts presented in the objections," facts which are themselves insufficiently specific. To warrant an evidentiary hearing, a prima facie showing of election interference "may not be conclusory or vague." *NLRB v. Valley Bakery, Inc.*, 1 F.3d 769, 772 (9th Cir. 1993) (quoting *Anchor Inns, Inc. v. NLRB*, 644 F.2d 292, 296 (3d Cir. 1981)).

## B. Objection 26

Objection 26 alleges that the Union assigned a statutory supervisor as its election observer. The Regional Director explained that the objecting party must raise the allegedly supervisory status of an election observer during the Board's pre-election conference or it will be precluded. *See Liquid Transp. Inc.*, 336 N.L.R.B. 420, 420 (2001). The Hospital does not dispute the applicability of this requirement; it instead argues that it sufficiently objected to the supervisory status of the observer in the Stipulated Election Agreement. But the Agreement contains no mention or objection of charge nurses as election observers; the Hospital objected only to the inclusion of charge nurses in the bargaining unit.[1]

---

[1] We do not address the applicability of the waiver bar raised by Judge Bumatay in dissent because the Hospital did not present that argument to the NLRB or to this court. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not raised and argued in a party's opening brief are waived). Before us, the Hospital argues only that it sufficiently preserved objection 26 in the Stipulated Election Agreement, and that its offer of proof was sufficient to merit an evidentiary hearing.

Even assuming the Hospital preserved this objection, the offer of proof again fails to raise a substantial and material issue of fact. It does not identify the supervisor, list facts supporting the individual's supervisory status, or provide any specificity to the facts underlying the objection. *See Valley Bakery*, 1 F.3d at 772.

## C. Objection 27

Objection 27 is a catch-all statement comprised of legal conclusions. Unsupported by more specific statements, it does not introduce a "substantial material issue of fact relating to the validity of a representation election." *Pinetree Transp. Co.*, 686 F.2d at 744.

\* \* \*

For the reasons stated, we **DENY** the Hospital's petition for review (No. 19-70292). We **AFFIRM** the decision and order of the NLRB and **GRANT** the NLRB's cross-petition for enforcement of its order (No. 19-70596).



*East Valley Glendora Hospital v. NLRB*, No. 19-70292+

BUMATAY, Circuit Judge, dissenting:

In a fair election, your boss shouldn't be watching over your shoulder as you vote. As such, the National Labor Relations Board has a well-established rule against supervisors serving as observers in elections over union representation. *See Mid-Continent Spring Co.*, 273 NLRB 884, 887 (1984) ("The use of [supervisors as] observers is such a material and fundamental deviation from the Board's established rules for the conduct of an election, that [the Board] will set aside an election without any showing of actual interference in the way the employees voted in the election.").

In this case, East Valley Glendora Hospital alleges that a charge nurse—a statutory supervisor in its view—monitored the election securing union representation for its nurses. Instead of investigating this "material and fundamental deviation," the Board held that the Hospital waived its objection by failing to make the allegation at a pre-election conference. In doing so, the Board ignored that the parties agreed to *forego* the pre-election conference, and thus, none was held. Yet the Board still persisted with its waiver ruling. For this reason, I would grant the petition and remand.

**I.**

Under Board regulation, any objection to the conduct of an election must be filed within seven days after the election. 29 C.F.R. § 102.69(a). Glendora Hospital

1

did this. But instead of following its own regulation, the Board held that the Hospital waived the objection under the "longstanding" rule that a challenge to a supervisor acting as an election observer must be made at the pre-election conference. *See In Re Liquid Transp., Inc*, 336 NLRB 420, 420 (2001). This rule, however, is patently inapplicable here: the parties, with the Board's assent, stipulated to do without a pre-election conference. *See* 29 C.F.R. § 102.62.

From its earliest implementation, the Board's waiver rule requires that an objecting party have *advance* notice of the identity of the election observers before a waiver occurs. *Compare Northrop Aircraft, Inc.*, 106 NLRB 23, 26 (1953) (holding an election-observer objection waived when, "although on notice of their status prior to the election," the employer raised no objection) *with Bosart Co.*, 314 NLRB 245, 247 (1994) (explaining that when no evidence showed that the objecting party was aware that a supervisor would serve as an observer, an objection made after the election was not waived).

Here, since no pre-election conference was held, nothing in the record suggests that Glendora Hospital received advanced notice of the identity of the Union's election observers. Neither the Board nor the Union states otherwise. In fact, the Hospital entered a Board-approved, pre-election agreement with the Union that specifically prohibited the use of any supervisors as election observers and preserved its claim that charge nurses are statutory supervisors. So, the Union and

2

the Board were well aware of the Hospital's objection prior to the election.  To my knowledge, the Board has never applied this waiver rule under similar circumstances.  Accordingly, I would hold that the Board abused its discretion in holding that the Hospital waived Objection 26.[1]

## II.

Board regulations only require that an offer of proof summarize each witness's testimony and raise material and substantial factual issues.  *See* 29 C.F.R. §§ 102.69(a), (c)(1)(i), 102.66(c).  Glendora Hospital's offer of proof was sufficient to preserve its objection.  In its offer, it alleged that a charge nurse, a supervisory employee, served as an election observer on the date of the vote—all in violation of the Board's rules.  So, we have the who, what, where, and when of the violation.  Nothing more should be required.  It's true that Glendora didn't name which charge nurse served as the election observer.  But our precedent doesn't require that.  *See*

---

[1] Contrary to the majority's holding, the Hospital raised the applicability of the waiver rule in its opening brief.  Broadly, the Hospital argued that the Board's waiver ruling was "arbitrary," "capricious," and "wrong on the facts and the law."  Pet'r Br. at 28.  Specifically, the Hospital challenged whether the pre-election conference was the *only* venue to fully assert an election observer challenge.  *See id.* ("The Board does not require a party to fully articulate the nature of its objection at the pre-election conference.") (simplified).  Instead, the Hospital contends that it sufficiently preserved its claim by raising the election-observer issue in the pre-election statement of position (in lieu of the pre-election conference).  *Id.*  Accordingly, the Hospital is *necessarily* raising the applicability of the waiver rule imposed by the Board.

3

*NLRB v. Valley Bakery, Inc.*, 1 F.3d 769, 770–72 (9th Cir. 1993) (holding employer's offer of proof sufficient to trigger an investigation even though the name of the employee who threatened those who voted against the union was kept confidential). Accordingly, I would hold that the Hospital was entitled to an evidentiary hearing on Objection 26. *See Pinetree Transp. Co. v. NLRB*, 686 F.2d 740, 745 (9th Cir. 1982) ("[T]he right to a hearing attaches immediately once the objecting party supplies prima facie evidence presenting substantial material factual issues.").

## III.

I concur with the majority that the Hospital abandoned Objections 1, 3–4, 7, 10, 12, 14, 17, 20–23, and 28, but I would find them waived because the Hospital failed to raise them in its opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). I would decline to reach the other objections at this time since an evidentiary hearing on Objection 26 could change the Board's mind with respect to those objections. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (declining to reach alternative grounds for remand). For the foregoing reasons, I respectfully dissent from the denial of the petition for Objections 2, 5–6, 8–9, 11, 13, 15–16, 18–19, 24–27, and 29.